CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

July 28, 2025

LAURA A. AUSTIN, CLERK
BY:  s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **JEREMY C. ROBERTS,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:24cv00626** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **S.W.V.R.J.A.,** | ) | **By:  Robert S. Ballou** |
| **Defendant.** | ) | **United States District Judge** |

Jeremy C. Roberts, a Virginia inmate proceeding *pro se*, has filed a civil rights action against S.W.V.R.J.A under 42 U.S.C. § 1983.  He alleges that negligent jail maintenance caused him serious injury, for which proper medical treatment has been delayed and refused.  For the reasons stated below, the Complaint in its current form is insufficient to state a cause of action under § 1983, but the court will give Roberts 30 days from the date of this order to file an Amended Complaint.

## I.    FACTUAL BACKGROUND

According to Roberts, on April 12, 2024, he was placed in 4-B cell 17 at Southwestern Virginia Regional Jail in Duffield.  He asked to be moved several times, because cells 16, 17, and 18 flooded, including outside the cell doors, whenever it rained outside.  He states that this condition had existed for "many years."  On May 15, 2024, when exiting his cell for recreation, he slipped and fell in a large amount of water remaining from a recent storm.  In the fall, he broke his right arm and exacerbated a prior back injury.[1]

---

[1] The prior injury occurred in June 2018, while Roberts was being transported from court to the Duffield facility, when the driver braked suddenly, ejecting Roberts—handcuffed and shackled, but not seatbelted—from his seat.  He sustained a spinal fracture in that accident that never fully recovered.  Roberts appears to provide this information as background, but is not making any claim at this time for the 2018 injury, which would be well beyond the statute of limitations.

Roberts received surgery on his right arm, including placement of a steel plate in his elbow. He was referred to follow up with Dr. Joseph Frye for lumbar radiculopathy and to physical therapy for both his arm and back. He was also prescribed a quad cane to assist with walking. At a follow-up visit with Carl Morgan of Community Physicians Orthopedics on July 25, 2024, Morgan noted in his Provider Consultation Report (required by Wexford Health) that the patient:

> has not been working with PT as ordered at last visit. NP at jail confirmed he was evaluated by PT and given a list of exercises. Has not been seen by PT as ordered. This type of injury and surgery requires significant PT to regain ROM.
>
> ***********
> Outside referral for PT given due to lack of PT provided at facility.

Compl. Attach. at 11, ECF No. 1-1.

Roberts states that he was started on a limited course of physical therapy for his arm after the July 25, 2024, visit, but that he was given "directions on paper" for his back. He was never sent to see Dr. Frye for his back.

## II.    DISCUSSION

Roberts' Complaint is deficient first because he has sued an improper party. Section 1983 provides a cause of action against a "person" who, acting under color of state law, violates the constitutional rights of another. 42 U.S.C. § 1983; *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). A proper claim requires factual details about a named defendant's personal involvement in the violation of a plaintiff's rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). A jail is not a person and is not a proper

defendant in a § 1983 suit. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893–94 (E.D. Va. 1992).

Second, liability under § 1983 is based upon deprivation of a plaintiff's rights that are secured by law. There is some overlap with traditional negligence principles, but actions under § 1983 are not based on negligence, and allegations of negligence alone are not sufficient to state a claim of deprivation of constitutional rights.[2] If the proper facts can be pled and proved, conditions of jail confinement (such as major leaks) and improper medical treatment can both rise to the level of Eighth Amendment violations. As the Supreme Court has noted, "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Court further explained, however, that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner. To state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106.

Deliberate indifference claims are not limited to medical cases. When a state actor is deliberately indifferent to a known substantial risk of serious harm to, he can be held liable for his acts and omissions. That is an admittedly difficult standard to meet. A plaintiff must allege (and later prove) sufficient facts to show that he was exposed to an objectively substantial risk of serious harm and that the official subjectively recognized this risk and ignored it. *Younger v. Crowder*, 79 F.4th 373, 382 (4th Cir. 2023).

Because Roberts is proceeding *pro se*, I will grant 30 days from the date of this order to amend his Complaint. The Amended Complaint must name each person he intends to bring his

---

[2] Personal injury actions based on negligence may fall under the Federal Tort Claims Act, but these actions also have exclusions and prerequisites. *See* 28 U.S.C. §§ 1291, 1346, 1402, 2401, 2402, 2411, 2412, 2671–80.

action against and describe the facts showing how that person violated his rights. If Roberts does

not file an Amended Complaint within 30 days, the court will dismiss his case without prejudice.

An appropriate order will be entered this date.

Enter:  July 26, 2025

*/s/ Robert S. Ballou*

Robert S. Ballou
United States District Judge